UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES RALPH PADGETT JR,

              Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendants.

Case No. C21-5811 TLF

ORDER

Pending before the Court is Plaintiff's Motion for Attorney's Fees and Expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Dkt. 24 at 1. Plaintiff seeks a fee award of $13,414.51 and expenses in the amount of $24.52. Dkt. 31 at 7. Defendant objects to the motion, contending the number of hours expended in this case was excessive and therefore the requested fee award should be reduced. Dkt. 30 at 2. For the foregoing reasons, Plaintiff's motion is GRANTED in part and DENIED in part.

## STANDARD

In any action brought by or against the United States, the EAJA states "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). According to the United States Supreme Court, "the fee applicant bears the burden of

ORDER - 1

establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The government has the burden of proving its positions overall were substantially justified. *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010) (citing *Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995)).

Further, if the government disputes the reasonableness of the fee, it also "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley*, 461 U.S. at 433, 436-37. However, "a district court can impose a reduction of up to 10 percent—a "haircut"—based purely on the exercise of its discretion and without more specific explanation." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (citing *Moreno v. City of Sacramento*, F.3d 1106, 1111 (9th Cir. 2008)).

## DISCUSSION

Plaintiff was the prevailing party insofar as the Court reversed the Commissioner's denial of benefits and remanded his case for further proceedings. Dkt. 23. The Commissioner does not argue substantial justification but insists that time spent by Plaintiff's counsel was beyond a reasonable amount. Dkt. 30 at 2. The Commissioner asks the Court to reduce Plaintiff's requested EAJA fees by $3,146.68. Dkt. 30 at 9. Accordingly, this Court must determine whether the Plaintiff's attorney spent a reasonable amount of time on this case.

ORDER - 2

"When the district court makes its award, it must explain how it came up with the amount. The explanation need not be elaborate, but it must be comprehensible. The explanation must be 'concise but clear.'" *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). "[T]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," which encompasses the lodestar method[1]. *Hensley*, 461 U.S. at 433, 435. Counsel "is not required to record in great detail how each minute of [their] time was expended. But at least counsel should identify the general subject matter of [their] time expenditures." *Id.* at 424, 437 n. 12.

The Commissioner argues that the Plaintiff's attorney's fees are unreasonable because they are excessive, block billed, duplicative, and include clerical tasks. Dkt. 30 at 3. Specifically, the Commissioner finds that 42.1 hours is excessive to review a 3,487-page record and prepare a brief. Dkt. 30 at 4. Experienced attorneys, the Commissioner argues, should not need this much time. Dkt. 30 at 6. The Commissioner requests a reduction by 12.5 attorney hours, for a total of $2,824.18. Dkt. 30 at 9. Additionally, the Commissioner requests a reduction of .4 hours for Plaintiff's motion of extension of time to file his brief. Dkt. 30 at 5.

---

[1] Relevant factors which may be considered are identified in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974), as: (1) The time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent: (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10); the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19 (citations omitted); *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (adopting Johnson factors).

ORDER - 3

The volume of documents that are necessary to review in order to evaluate issues and analyze the issues in the administrative record is an appropriate factor to consider in allowing a greater than average award of fees. *Borus v. Astrue*, No. 09-cv-4723, 2012 WL 4479006 at *3 (S.D.N.Y. Sept. 28, 2012) (a factor weighing in favor of exceeding average hours was that the claimant's attorney "was forced to review an extremely voluminous administrative record, totaling nearly 700 pages"). In a case involving a 1400-page record, the Eastern District of California found it would have been reasonable if plaintiff's lawyer had spent one minute per page (which would have resulted in 23.33 hours, rather than the 31.5 hours actually spent). *See Camargo v. Comm'r*, No. 2:17-cv-1733-DMC, 2021 WL 4065536, at *6 (E.D. Cal. Sept. 7, 2021)[2]. If this Court were to apply the metrics used by the Court in *Carmago*, 58.1 hours would potentially have been a reasonable time allocation for a lawyer to review the 3,487-page administrative record in this case. Dkt. 31 at 3.

Instead, Plaintiff's attorney in this case charged for 34 hours and reviewed 1.7 pages per minute. Dkt. 31 at 4. The Commissioner does not explain why this would be an unreasonable rate of review, nor does the government offer a different metric or reasoning that would support another methodology.

The Commissioner further requests a reduction of block-billed time to review the Certified Administrative Record ("CAR") by 25% or 10.5 hours. However, this Court has

---

[2] The Court in *Camargo* noted that this rate is consistent with the assessment of a reasonable rate of speed for counsel for the petitioner to review records in capital punishment habeas corpus case, as established by the Judicial Council of the Ninth Circuit. *See id.* at *6. As of January 2023, this one-page-per-minute standard applies for federal habeas corpus cases with CJA appointed lawyers, in capital punishment cases. *See* https://www.ca9.uscourts.gov/search-results/?q=CJA%20capital%20habeas%20budget. This Court makes no comment on whether the capital case metrics should carry over to other types of civil litigation.

ORDER - 4

rejected similar arguments made by the Commissioner, noting that time entries for "drafting the opening memo, reviewing the administrative record and researching issues," and "proofreading and filing the opening brief with the Court" are entirely appropriate even if block billed. *Peters v. Colvin*, 15-cv-5198-JRC, 2016 WL 948958, at *5 (W.D. Wash. Mar. 14, 2016) (finding that actions and the time taken to prepare the case was "entirely reasonable"). Similarly, the block billing in this case was for reviewing the administrative record, taking notes, and organizing facts; this type of block billing is reasonable.

       The Commissioner points out that most time entries are practically duplicated in a contemporaneous case, and that fees for EAJA preparation should be reduced by 1.3 hours due to the duplication. Dkt. 30 at 6. Plaintiff points out that counsel uses prior filings to create new motions, meaning each time entry should be exactly the same as that used in a prior motion and all future motions. Dkt. 31 at 4. This Court has found that courts should generally defer to the "winning lawyer's professional judgment as to how much time he was required to spend on the case." *Seymour v. Comm'r of Soc. Sec.*, No. C21-5213-MAT, 2022 WL 1641450, at *2 (W.D. Wash. May 24, 2022), *reconsideration denied*, No. C21-5213-MAT, 2022 WL 1801670 (W.D. Wash. June 2, 2022). This Court agrees with the Plaintiff that this time is not duplicative.

       Further, the Commissioner argues that the some of the paralegal work in this case includes clerical tasks. Dkt. 30 at 8. The Court may reduce attorney's fees for purely clerical tasks. *See, e.g., Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (holding clerical and organizational tasks "should have been subsumed in firm overhead rather than billed at paralegal rates"). It appears that most of the tasks the

ORDER - 5

Commissioner asserts are clerical, are not; but, the Court finds preparing service packets for service of process to be a purely clerical task and declines to award 1.0 hours of paralegal time, which equates to $75.

Plaintiff's attorney requests an additional $994.12 for the time spent preparing the EAJA reply. Dkt. 31 at 7. Plaintiff's attorney has largely prevailed in the request for attorney fees and, considering the facts and arguments relevant to this case, the Court grants fees for preparing the reply. *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 162 (1990) (award of fees under EAJA against the government for fee litigation does not require second finding that government's position in fee litigation itself was not substantially justified).

## CONCLUSION

Therefore, Plaintiff is awarded $13,339.51 ($13,414.51 minus $75.00) in attorney's fees, and expenses in the amount of $24.52 pursuant to the EAJA and consistent with *Astrue v. Ratliff*, 560 U.S. 586 (2010).

Plaintiff's award is subject to any offset allowed pursuant to the Department of Treasury's Offset Program. *See id.* at 2528. If it is determined that Plaintiff's EAJA fees are not subject to any offset, the check for EAJA fees shall be made payable to Plaintiff's counsel, Olinsky Law Group, based on plaintiff's assignment of these amounts to plaintiff's attorney (*see* Dkt. 24). The check for EAJA fees and expenses shall be mailed to Plaintiff's counsel at:

250 South Clinton St.
Suite 210
Syracuse, NY  13202

Dated this 6th day of March, 2023.

Theresa L. Fricke
United States Magistrate Judge

ORDER - 7